# RYAN a. THE PEOPLE.

*Supreme Court, First District; General Term, June,* 1865.

### TRIAL.—EVIDENCE.—EXCEPTION.

A charge to the jury, that "in a clear case of guilt, where a man is caught in the act of the commission of a crime, good character is no shield and protection :—good character is only a shield and protection where it is interposed in doubtful cases ;"—*Held,* erroneous, where the evidence was of doubtful character.

A general exception to the judge's charge is not available to support an appeal for error in particular portions of it; but special circumstances may make it expedient to grant a new trial for such error.

Appeal from a conviction.

David Ryan was convicted in the Court of General Sessions of larceny from the person of one John Jourdan, who was the principal witness for the People, and who was shown to have been "under the influence of liquor quite noticeably," at the time of the larceny. Two witnesses testified to the good character of the accused.

The recorder charged, among other things, as follows :

"The only evidence" (for the accused) "is evidence of good character. Allowing, gentlemen, that this evidence is satisfactory on the question of good character, good character is never available unless the evidence is evenly balanced. In a clear case of guilt, where the man is caught in the act, in the commission of a crime, good character is no shield and protection. Good character is only a shield and protection where it is interposed in doubtful cases, because it repels the presumption of guilt."

The counsel for the prisoner, after excepting to a portion of the charge not included in the decision, excepted, on the suggestion of the court, to the whole charge.

*M. J. A. McCaffery,* for the appellant.—I. A general excep-

tion is ordinarily unavailable; but the cases in which that rule has been laid down differ from the present case in this respect, viz., that in this case the general exception is sustained and supported by the several specific exceptions to different portions of his honor's charge.

II. Even a general exception, standing alone, is available, if the whole scope and drift of the charge is incorrect or improper. (Van Kirk a. Wilds, 11 *Barb.*, 520; Potter a. Seymour, 4 *Bosw.*, 140; Nevins a. Bay State Co., *Ib.*, 225.)

III. The general exception was forced upon the prisoner's counsel. It was made in consequence of a distinct suggestion of the judge, who did not wish to hear the further specific objections of the defendant's counsel. Even a slight suggestion of a judge, counsel are, from their position in court, in a manner compelled to obey.

The suggestion which was made, and, of course, acted upon in this case, appears on the face of the record, and, of itself, renders the general exception available.

IV. The only reason for calling a judge's attention to specific portions of his charge to the jury, is to enable him to correct errors or supply deficiencies that were occasioned by inadvertence or misapprehension. That reason (and in consequence, the necessity of making specific exceptions), can scarcely apply in a case where the judge says beforehand, and in emphatic and unmistakable language, that he will not charge otherwise than as he had already charged.

V. In consequence of silencing prisoner's counsel by that suggestion, the prisoner is entitled here to all the specific exceptions which his counsel would or might have taken at the trial.

VI. Granting that the evidence was not satisfactory on the question of good character, that was for the jury, not for the court, to determine. Good character is always available. (Cancemi a. People, 16 *N. Y.*, 506; Stephens a. People, 4 *Park.*, 396.)

VII. "In a clear case of guilt, where a man is caught in the act, in the commission of a crime, good character is no shield and protection."

This was evidently meant to refer to the prisoner, at least the jury might well understand it to refer to him,

and was therefore erroneous. (Coles *a*. Marquand, 2 *Hill*, 447.)

VIII. "Good character is only a shield and protection where it is interposed in doubtful cases, because it repels the presumption of guilt."

In doubtful cases the prisoner is, of right, acquitted, without any evidence on his part; it is for the prosecution to make out a clear case, not for the defence to prove prisoner's innocence.

IX. The whole tendency of these remarks was to exclude from the consideration of the jury the positive and overwhelming testimony as to the prisoner's good character, which, considering the contradictory and impossible statements of Jourdan (so drunk at the time of the alleged robbery as to be hardly able to run), should, and under a proper charge, would, have acquitted the prisoner.

In People *a*. White (24 *Wend*., 520), the judge simply commented on the absence of proof of good character. Held error, and a new trial was granted.

Reversing same case in 22 *Ib*., 167.

*A. Oakey Hall*, for respondents, urged that there was no exception to the charge about character which seems opposed to Cancemi's case.

By THE COURT.*—INGRAHAM, P. J.—In this case the judge in the court below charged the jury : "In a clear case of guilt, where a man is caught in the act, in the commission of a crime, good character is no shield and protection. Good character is only a shield and protection where it is interposed in doubtful cases, because it repels the presumption of guilt." The testimony of the felony in this case came from only one witness, who could not tell whether he was under the influence of liquor or not, and a policeman, who saw him, testified that he was in that condition.

In the People *a*. Cancemi (16 *N. Y*., 501), the evidence of good character was taken from the jury, by telling them that

---

* Present, INGRAHAM, P. J., CLERKE and BARNARD, JJ.

it must be considered far inferior as a defence in cases of great criminality than in cases of a lesser degree of crime; and this was held to be error, if not by controlling the weight of the evidence, as calculated to mislead the jury as to the weight which the evidence should receive.

The charge in the case of Cancemi was in consonance with that of Ch. J. SHAW, in The Commonwealth *a.* Webster (5 *Cush.*, 295); but in that case, he added, "But, still, even with regard to the higher crime, testimony of good character, though of less avail, is competent evidence for the jury, and a species of evidence which the accused had a right to offer." And in Wharton's Cr. Law (§§ 643, 644), several cases are cited where the instruction to the jury, "that in a clear case character has no weight," is condemned.

It is objected, however, on the part of the People, that no direct exception is taken to the charge on this point. This is true, although, on the suggestion of the court, the defendant's counsel excepted to the whole charge. While such a general exception is not available, we cannot avoid the conclusion, that the effect of the charge in this respect was to take from the jury the consideration of good character, where that evidence was entirely uncontradicted, and where the principal witness at the time of the transaction was shown to have been in a state of intoxication. This may have worked injustice to the prisoner; and although under ordinary circumstances we should require an exception to be taken to the various portions of the charge excepted to, the circumstances of this case are such as to make it more expedient to order a new trial, rather than to expose the prisoner to imprisonment in the state prison, on the sole testimony of a person who was intoxicated at the time of the alleged offence, and while his counsel might, under the suggestion of the judge, have supposed a general exception was sufficient.

Judgment reversed, and new trial ordered in the Sessions.